UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LILLIAN HOUSTON, *Pro Se*, | ) | Case No. 1: 26 CV 2682 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| CONCORD RESERVE, | ) | ORDER |
| | ) | |
| Defendant | ) | |

Plaintiff Lillian Houston, proceeding without counsel, has filed a civil complaint in this case alleging she was subjected to race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 following the termination of her employment as an RN. She did not pay the filing fee in the case, but instead, filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

Pursuant to 28 U.S.C. § 1915, the Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001). Rather, "the question is whether the court costs can be paid without undue hardship." *Id*. Proceeding *in forma pauperis* in federal court "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining an applicant's eligibility to proceed *in forma pauperis*, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess, as well as the resources that could be made available from the applicant's spouse or other family

members. *See Jones v. Vital & FNR North America*, No. 3:24-cv-01612, 2024 WL 4416857, at *1 (N.D. Ohio Oct. 4, 2024).

Plaintiff's application shows that she is employed and receives $5,600.00 in monthly income, and she does not demonstrate that this amount differs from income she previously earned. The Court does not find that her application demonstrates that she is unable to pay the filing fee in a case in federal court without undue hardship with the income and other assets she reports, or that the cost of the filing in this case is beyond her means. Rather, the Court finds that this is a case where Plaintiff is in the "position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander v. Commissioner of Social Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), adopted by 2012 WL 5457383 (E.D. Mich. Nov. 8, 2012).

**Conclusion**

Accordingly, Plaintiff's application to proceed *in forma pauperis* in this case (Doc. No. 2) is denied and this action is dismissed without prejudice. Plaintiff may reopen the case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 along with a motion to reopen. The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

November 5, 2026